

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00208-CR

_____

MARK LINDSEY MCKINLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,342

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Mark Lindsey McKinley filed an appeal from his conviction for aggravated assault on his plea of guilty pursuant to a plea agreement. The record also contains his waiver of his right to file a motion for new trial and appeal. The "Trial Court's Certification of Defendant's Right of Appeal" thus also indicates he has no right of appeal both because of the plea agreement and his waiver. Counsel, nevertheless, filed a motion for new trial at the request of his client, and McKinley, thereafter, filed a pro se notice of appeal.

Sentence was imposed August 9, 2013, and the motion for new trial was untimely filed by hand delivery thirty-three days later, September 11, 2013. *See* TEX. R. APP. P 26.2. The notice of appeal was, therefore, due to be filed within thirty days of the date sentence was imposed, on or before September 9, 2013. The notice of appeal was filed September 19, 2013.

Without a timely notice of appeal, we have no jurisdiction to hear the appeal. Although the notice was filed within fifteen days of its due date, the extension period cannot apply in this case because no motion to extend time to file the notice of appeal was filed. The Texas Court of Criminal Appeals interprets Rule 26.3 of the Texas Rules of Appellate Procedure strictly to require an appellant to file his notice of appeal and motion for extension of time within the fifteen-day period for filing a late notice of appeal. TEX. R. APP. P 26.3; *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (citing *Rodarte v. State*, 860 S.W.2d 108 (Tex. Crim. App. 1993)). The Texas Court of Criminal Appeals has expressly held that without a timely-filed notice of appeal or motion for extension of time, we cannot exercise jurisdiction over an

appeal.  *See id.*; *see also Slaton v. State*, 981 S.W.2d 208, 209 n.3 (Tex. Crim. App. 1998) (per curiam).

On September 30, 2013, we sent a letter to McKinley providing him with ten days to show this Court how we had jurisdiction over his appeal.  We have received a response from McKinley in which he explains to this Court how he was unjustly treated below but does not show this Court how it could have jurisdiction under these facts to hear his appeal.  We have no jurisdiction over his appeal and have no option but to dismiss.

We dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice


Date Submitted:     October 17, 2013
Date Decided:       October 18, 2013

Do Not Publish